■ ELLEN GELLER, Respondent, v STEVEN GELLER, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated March 14, 1977, as, upon granting his motion for leave to reargue a prior order of the same court, dated February 17, 1977, which directed him to pay plaintiff temporary alimony in the sum of $200 per week, adhered to the original determination. Order modified by deleting therefrom the words: "the Court adheres to its original decision", and substituting therefor the words: "the award of temporary alimony is reduced to the sum of $75 per week". As so modified, order affirmed insofar as appealed from, without costs or disbursements. Although certain issues concerning the financial condition of the parties are left unresolved upon the present record, it is clear and uncontroverted that plaintiff-respondent is now residing with her mother, that she does not bear the cost of maintaining a home of her own and that she does have at least some income from a trust fund. (There are no issue of this marriage and the parties, both in their twenties, lived together for less than two years before they separated.) It is also clear and uncontroverted that defendant-appellant's net income for 1976 as a stockbroker was only about $11,000. (The parties disagree as to whether defendant has other sources of income, but that issue cannot be resolved upon the present record.) It was, therefore, an improvident exercise of discretion for Special Term to have granted an award of $200 per week as temporary alimony. Although we are modifying the award to $75 per week, the parties should proceed to a speedy trial. Our decision is not to be regarded as in any way determinative of the trial court's disposition of this case. Margett, J. P., Damiani, Shapiro and Titone, JJ., concur.

■ BARBARA GOLDMAN, Individually and on Behalf of All Others Similarly Situated, Respondent-Appellant, v ANTHONY GAROFALO et al., Appellants-Respondents.—In a purported class action to recover fees paid by class members for pap smear tests, and for punitive damages, the parties cross-appeal from an order of the Supreme Court, Nassau County, dated June 15, 1977, which denied the branch of defendants' motion which sought dismissal of plaintiff's first cause of action and granted the balance of the motion, which sought dismissal of the second cause of action. Order affirmed, without costs or disbursements. We note that a claim for punitive damages does not constitute a separate cause of action (Greenberg Co. v Edgemont Condominiums, 57 AD2d 861). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.