■ BARBARA GOLDMAN, Individually and on Behalf of Others Similarly Situated, Appellant-Respondent, v ANTHONY GAROFALO et al., Respondents-Appellants.—In an action to recover fees paid to the defendant Lakeville Medical Laboratories, Inc., for pap smear tests performed during a period when Lakeville had no license to perform such tests, the parties cross-appeal from an order of the Supreme Court, Nassau County, dated September 27, 1978, which (1) denied plaintiff's motion for class action certification; and (2) denied the parties' cross motions for summary judgment. Order modified, on the law, by deleting therefrom the provision denying the defendants' cross motion for summary judgment and adding thereto a provision granting said cross motion and dismissing the complaint. As so modified, order affirmed, without costs or disbursements. Although defendant Lakeville Medical Laboratories, Inc., concededly had no license to perform pap smear tests for the detection of cervical cancer during the period March 1, 1973 to June 30, 1976, there is no evidence that any of the approximately 96,000 tests performed during that period were defective. Since plaintiff and those she seeks to represent have had the benefit of the defendant laboratory's work, they are not entitled to recover payments which they have already made; the parties, in these circumstances, should be left as they are (see Segrete v Zimmerman, 67 AD2d 999). Lazer, Shapiro and Cohalan, JJ., concur.

Suozzi, J. P., concurs in so much of the result as denies plaintiff's cross motion for summary judgment, but otherwise dissents and votes to deny defendants' cross motion for summary judgment and to grant plaintiff's motion for class action certification, in accordance with the following memorandum: The complaint seeks to recover fees paid by plaintiff and other members of the purported class for Pap smear tests performed by defendants during a period of time (more than two years) when the defendant laboratory did not have a valid State permit as required by section 574 of the Public Health Law. It appears that defendants performed approximately 96,000 of these tests during the subject period. In holding that the

complaint stated a valid cause of action Special Term held that the amount of damages would be the "amount by which the payment made exceeds the value of the actual services" rendered by the unlicensed defendant. I agree with the reasoning of Special Term on this issue and, accordingly, defendants' cross motion for summary judgment was properly denied. In resolving the issue as to whether class action certification should be granted as requested by plaintiff, Special Term reviewed the prerequisites for class action certification in CPLR 901 (subd a) and concluded that at least 4 of the 5 prerequisites under CPLR 901 had been met. Special Term was not convinced that the fifth prerequisite of CPLR 901 had been met, i.e., that the proposed class action "is superior to other available methods for the fair and efficient adjudication of the controversy." In this context Special Term noted that defendants had been ordered to pay civil penalties totaling $11,000 by the State Health Department which was the superior method for discouraging future violations and expressed the concern that defendants' liability exposure, in the form of damages, should class action certification be granted, would be so large as to "shock the conscience". I disagree. Considering the magnitude of the statutory violation committed by defendants and the fees received for these improper tests it would appear that if anything can be considered as shocking in this case it is the civil penalty of only $11,000 imposed on the defendants. By granting class action certification both the expeditious resolution of the monetary claims of all those similarly affected by defendants' illegal acts, in accordance with the measure of damages framed by Special Term, and a meaningful deterrent to future violations of section 574 of the Public Health Law can be accomplished. Accordingly, plaintiff's motion for class action certification should be granted. [96 Misc 2d 790.]