■ UNIVERSAL UTILITIES, INC., et al., Appellants-Respondents, v STANLEY TANKELL et al., Respondents, and IRVING LEVINE, as Coexecutor of CHARLES HOLLINGER, Respondent-Appellant.—In an action to recover the sum of $6,797.32 on an alleged partnership debt, plaintiffs and defendant Levine cross appeal from so much of an order of the Supreme Court, Nassau County, dated May 11, 1979, as (1) denied plaintiffs' cross motion for leave to discontinue the action; and (2) denied defendant Levine's cross motion for summary judgment dismissing the complaint. Order modified, on the law, by deleting therefrom the provision denying plaintiffs' cross motion for leave to discontinue their action and substituting therefor provisions granting said motion and directing a severance of the counterclaim and cross claim asserted by defendant Levine. As so modified, order affirmed insofar as appealed from with one bill of $50 costs and disbursements payable to the plaintiffs by defendant Levine. We are of the opinion that the denial of plaintiffs' cross motion to discontinue the action was an improvident exercise of discretion. Defendant Levine's cross motion for summary judgment does not constitute a submission of the cause to the court or jury to determine the facts, so as to require the stipulation of all parties appearing in the action in order to grant a discontinuance (cf. *Piedmont Hotel Co. v Nettleton Co.,* 241 App Div 562). The severance of the counterclaim and cross claim will adequately preserve any rights which defendant Levine may have. Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.

■ ILENE VOGEL, Respondent, v RONALD VOGEL, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Queens County, entered June 20, 1979, which granted plaintiff's motion for temporary alimony and directed him to pay plaintiff temporary alimony of $130 per week. Order reversed, without costs or disbursements, and motion for temporary alimony denied. The circumstances here do not warrant the granting of temporary alimony (see *Lee v Lee,* 41 AD2d 557; *Geller v Geller,* 59 AD2d 933). However, this disposition should not affect the determination of the Trial Justice, after hearing the facts and circumstances of the case at the trial. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.