◼ ELLIOT SUTTON, Appellant-Respondent, v RICHARD OHRBACH et al., Respondents-Appellants and Third-Party Plaintiffs, et al., Third-Party Defendants. [603 NYS2d 857] —Order, Supreme Court, New York County (Carol Huff, J.), entered February 26, 1992 which, *inter alia,* granted defendants summary judgment only to the extent of dismissing the action as against the individual defendant, unanimously modified, on the law, to the extent of dismissing the second cause of action against the corporate defendants as well, and otherwise affirmed, without costs.

Plaintiff's second cause of action seeks return of monies he paid to defendants on the ground that their services constituted the practice of architecture for which they were not licensed as required by Education Law § 7302. Noting that the construction given licensure statutes such as this has been "so strict" that the absence of a license bars recovery even when there has been substantial performance, the IAS Court held that defendants "failed to substantiate a basis for dismissal". We agree.

As stated by Justice Cardozo in *Schank v Schuchman* (212 NY 352, 359), "[t]he law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain." Thus, while defendants may not be able themselves to enforce the contract or obtain quantum meruit *(see, e.g., Millington v Rapoport,* 98 AD2d 765), plaintiff may not use the statute as a sword to recoup monies already paid in exchange for the purportedly unlicensed services *(see, Charlebois v Weller Assocs.,* 72 NY2d 587, 595; *Unger v Travel Arrangements,* 25 AD2d 40, 44).

We have considered plaintiff's argument that the corporate veil should be pierced and agree with the IAS Court that no facts are raised warranting such relief *(see, Bowles v Errico,* 163 AD2d 771). Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.