■ CUPPLES PRODUCTS DIVISION OF H.H. ROBERTSON COMPANY, Plaintiff, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK et al., Respondents, and FEDERAL INSURANCE COMPANY, Appellant, et al., Defendants. [606 NYS2d 2] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered June 7, 1993, which denied defendant Federal Insurance Company's motion to dismiss the complaint against it pursuant to CPLR 3212, on the ground that the contract underlying plaintiff's performance is illegal pursuant to Education Law § 7202, unanimously affirmed, with costs.

We affirm the order denying Federal's motion for summary judgment, albeit on slightly different grounds than those expressed by the IAS Court. In view of the strong public policy embodied in the licensing requirements of the Education Law *(see, Richards Conditioning Corp. v Oleet*, 21 NY2d 895), and the lack of manifest prejudice, we discern no basis for precluding the previously unpleaded defense of illegality asserted on this motion by defendant Federal. Nor do we view the underlying subcontract as plainly permissible under *Charlebois v Weller Assocs.* (136 AD2d 214, *affd* 72 NY2d 587). The Education Law was violated, however, only if the work which plaintiff undertook to perform, or did perform, constituted the practice of engineering within the meaning of the Education Law. In this regard, the IAS Court appeared to be satisfied that the work called for by the contract represented the preparation of "shop drawings" and the like, which New York City Building Department regulations appear to contemplate as within the scope of work ordinarily performed by contractors, subject to the approval of licensed professionals. We find that there exist issues of fact concerning the nature of the work, precluding a determination as to whether it fell within the scope of the statute. Moreover, the extent to which recovery is sought for a breach of an obligation to perform engineering services, as opposed to a breach of some other obligation of the contract, is not clear; resolution of these factual issues should precede any determination as to whether a violation of the statute, if found to exist, requires complete avoidance of the contract *(Lloyd Capital Corp. v Pat Henchar,*

*Inc.,* 80 NY2d 124, 129). Concur—Sullivan, J. P., Wallach, Asch and Nardelli, JJ.