OPINION OF THE COURT
Joan B. Lefkowitz, J.
FACTUAL BACKGROUND
Plaintiff was retained by defendant and a corporation to do renovation work at residential premises owned by the defendant and the corporation. Plaintiff sent defendant a contract on October 1, 1992, signed by plaintiff’s president, which provided for an estimated completion date of June 30, 1993, a deposit of $50,000 and a monthly fee of $20,000 to do the following work: "Complete renovation of existing structure, including, but not limited to, roof repairs, central air conditioning, new kitchen and bathrooms, partition changes, window repair or replacement, asbestos and lead abatement, *73 plumbing, heating and electrical work, alarm installation, site work (including pool and tennis court), floor replacement, attic room furnishing, patching, painting and finishing, and miscellaneous work as directed by the owner.”
Plaintiff performed services for three months for which it was paid $60,000. Defendant never signed the contract. Defendants terminated plaintiff’s services and hired another contractor to complete the renovation, which was done after expiration of 11 months.
During the renovation work, plaintiff became aware of the need for a home improvement license and obtained one on October 15, 1992. Such license was required for most, if not all, of the work to be performed by virtue of section 863.313 of article XVI of the Administrative Code of Westchester County.
Plaintiff has sued defendant for lost profits in breach of contract ($220,000) and upon an oral agreement to repay a fine imposed on plaintiff for removal of trees without a permit from the Village of Scarsdale ($4,050). Defendant’s answer consists of general denials and asserts a counterclaim which alleges plaintiff breached an oral agreement for renovation work and seeks recovery of the $60,000 paid. Plaintiff replied to the counterclaim.
Plaintiff moves to amend the complaint and reply to add the corporation as a defendant and plead the second cause of action for breach of contract against it as well as the defendant. Defendant cross-moves for summary judgment dismissing the complaint.*
LEGAL ARGUMENTS
Defendant initially contends that a written contract is required under section 771 (1) of the General Business Law for recovery under a home improvement contract. Section 771 (1) requires home improvement contracts to "be evidenced by a writing and shall be signed by all parties to the contract.” Plaintiff urges that it needs discovery to establish that defendant, in fact, assented to the contract, which is sufficient for the statutory purpose.
Defendant also argues that the complaint (and amended *74 complaint) must be dismissed for failure to obtain a home improvement license when the contract was first made, on October 1, 1992. Plaintiff urges, in turn, that it secured a license shortly after making the contract and is suing only for lost profits for services that would have been rendered after obtaining the license. Before addressing these issues the court must navigate procedural concerns that have not been discussed by the parties.
PROCEDURAL ISSUES
Defendant has not pleaded the need for a written contract or Statute of Frauds as a defense, nor has he pleaded illegality of the contract or lack of capacity to sue as required by CPLR 3018 (b). Two affirmative defenses are asserted. The second is also denominated a counterclaim and stands by itself. The first affirmative defense of failure to state facts forming a basis for relief is equivalent to alleging that the complaint fails to state a cause of action, which is not permissible as a defense in the Second Judicial Department. (Bentivegna v Meenan Oil Co., 126 AD2d 506, 508 [2d Dept 1987]; Glenesk v Guidance Realty Corp., 36 AD2d 852 [2d Dept 1971].) Indeed, if section 771 (1) of the General Business Law is deemed akin to a Statute of Frauds, it must be specifically pleaded (CPLR 3018 [b]) and is waived if not asserted in the answer or preanswer motion to dismiss. (CPLR 3211 [a] [5]; [e].)
Similarly, the answer herein does not contain an affirmative defense of illegality, lack of capacity or ultra vires, which is required by CPLR 3018 (b). (Brearton v De Witt, 252 NY 495, 500 [1930] [lack of license]; Soviero v Amato, 71 NYS2d 101 [App Term, 1st Dept 1947] [lack of permit]; 3 Weinstein-Korn-Miller, NY Civ Prac ]] 3018.16.) Not having been specifically pleaded in the answer or preanswer motion to dismiss, illegality would also be deemed waived. (CPLR 3211 [a] [3]; [e].) The same is true if defendant premised dismissal on documentary evidence, i.e., the license itself as dated October 15, 1992. (CPLR 3211 [a] [1]; [e].)
Furthermore, plaintiff has failed to plead in the complaint and proposed amended complaint the pertinent facts regarding the existence of its license as required by CPLR 3015 (e). Thus, the court could simply deny both motions without prejudice to renewal upon plaintiff inserting an additional licensing fact allegation in the proposed amended complaint and upon defendant’s presumed in futuro motion for leave to *75 amend the answer to assert appropriate affirmative defenses. Those motions undoubtedly would be made.
Notwithstanding the waiver provision of CPLR 3211 (e), a ground set forth in CPLR 3211 (a) (1), (3) and (5) may be presented by leave of the court in an amended answer where the defense is meritorious and there is no prejudice to the plaintiff. (Hickey v Hutton, 182 AD2d 801 [2d Dept 1992] [authorized amended answer to plead Statute of Limitations after preanswer motion to dismiss on other grounds]; see, Seda v New York City Hous. Auth., 181 AD2d 469 [1st Dept 1992], lv denied 80 NY2d 759 [1st Dept 1983]; Raoul v Olde Vil. Hall, 76 AD2d 319, 333 [2d Dept 1980]; 4 Weinstein-Korn-Miller, NY Civ Prac jj 3211.03, at 32-28 ["Affirmative defenses not pleaded are 'waived,’ but the rigor of this waiver is considerably alleviated by the liberal allowance of amendments to the pleading”]; id., |[ 3211.04; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:62, at 88-90; Siegel, NY Prac §274, at 404 [2d ed] ["Whether an amendment by leave of court under CPLR 3025 (b) will be allowed to raise a 3211 (a) objection for the first time depends on whether the delay in asserting the objection can be shown to have prejudiced the plaintiff”]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:7, at 358.)
Additionally, it has been held that where the basis of the motion for summary judgment is an unpleaded defense of illegality for failure to obtain a license, the motion is not dismissible for failure to plead illegality as an affirmative defense. (Cupples Prods. Div. v Morgan Guar. Trust Co., 199 AD2d 206 [1st Dept 1993].) Thus, the court is required to address the merits of the second prong of defendant’s argument on the cross motion.
Moreover, the to-be-added defendant herein, a corporation, has not waived its rights to plead appropriate affirmative defenses. Consequently, the court believes it appropriate under the circumstances to reach the merits of all aspects of the motions.
NECESSITY FOR WRITTEN CONTRACT
Ordinarily, absent a signature, a written contract is not binding. (17 CJS, Contracts, § 60.) However, it is settled that where a party accepts the contract but fails to sign it, he can be bound by its terms. (Newburger v American Sur. Co., 242 *76 NY 134 [1926]; Soundview Woods v Town of Mamaroneck, 14 Misc 2d 866, 871 [Sup Ct, Westchester County 1958], affd 9 AD2d 789 [2d Dept 1959]; 21 NY Jur 2d, Contracts, § 16; 17 CJS, Contracts, § 62.) In Newburger v American Sur. Co. (241 NY, supra, at 143) the Court of Appeals held: "It was not necessary that both parties should sign the contract to make it an agreement in writing. If a person has accepted a written agreement and has acted upon it he is bound by it although he may not have set his hand to the document.” (See also, Russell v Raynes Assocs. Ltd. Partnership, 166 AD2d 6, 15 [1st Dept 1991]; Costello Assocs. v Standard Metals Corp., 99 AD2d 227, 231 [1st Dept 1984], appeal dismissed 62 NY2d 942 [1984].)
Moreover, the court in Rosamilla Landscaping v DeLuca (154 Misc 2d 630 [Sup Ct, Westchester County 1992]) held that the statutory scheme of article 36-A of the General Business Law, including section 771 (1), did not preclude recovery absent a writing, because the statute provides penalties and for actions by the Attorney-General; and the contractor in Rosamilla was permitted to recover in quantum meruit for services rendered. I perceive no difference in principle when the contractor sues for lost profits where he otherwise establishes that he was able to perform the services contracted for but was wrongfully discharged. Consequently, the court concludes that on this record the failure to have defendant’s (and proposed defendant’s) signature on the contract is without merit and a triable issue of fact exists as to whether the contract was accepted. (Cf. CPLR 3212 [f].)
LICENSE OBTAINED DURING CONTRACT PERIOD
The public policy behind home improvement licensing statutes is to protect the public health and safety. (Richards Conditioning Corp. v Oleet, 21 NY2d 895, 896 [1968].) Where the plaintiff was never licensed he was not permitted to recover, even in quantum meruit. (Millington v Rappoport, 98 AD2d 765 [2d Dept 1983].) However, Millington has been distinguished in this county on the ground that it dealt with the Administrative Code of the City of New York, which prohibited the making of a home improvement contract without a license and because no license was ever obtained. (Rosamilla Landscaping v DeLuca, 154 Misc 2d 630, supra.) At bar, of course, plaintiff did secure the license two weeks after sending defendant the contract. Furthermore, section 863.313 *77 of the Administrative Code of Westchester County prohibits being in the home improvement business without a license. Plaintiff claims, and it is not disputed, that he was not engaged in the home improvement business until the making of the subject contract, as this was its first endeavor in such work.
The renovation work, except for some preliminary work, was performed after October 15, 1992, when plaintiff obtained the license. The licensing provisions are not to be used as a sword (Sutton v Ohrbach, 198 AD2d 144 [1st Dept 1993] [homeowner cannot recoup payments made to unlicensed contractor for work done]) nor is the underlying public policy to be "slavishly applied”. (Charlebois v Weller Assocs., 72 NY2d 587, 595 [1988].)
CPLR 3015 (e) requires that in certain counties, including Westchester, the complaint allege that plaintiff is duly licensed in actions against a consumer where licensing in the conduct of a business is required. Subdivision (e) further provides that where the plaintiff does not have a license at the commencement of the action he may amend the complaint on securing an after-acquired license. It has been held that CPLR 3015 (e) does not cure nunc pro tunc the failure to have the license in the first instance. (B & F Bldg. Corp. v Liebig, 76 NY2d 689, 694 [1990]; Todisco v Econopouly, 155 AD2d 441 [2d Dept 1989], lv dismissed 76 NY2d 772 [1990]; Zandell v Zerbe, 139 Misc 2d 737 [Civ Ct, NY County 1988].) The Court of Appeals in B & F Bldg. Corp. v Liebig (76 NY2d 689, supra) appeared to reject the reasoning of nisi prius and the Appellate Division that a license must have been obtained at the time of contract (76 NY2d, at 692, supra) for CPLR 3015 (e) to apply and held it applies when the contractor was licensed "at the time that the work was done” (76 NY2d, at 694, supra; see also, Todisco v Econopouly, 155 AD2d 441, 442, supra [contractor can recover in quantum meruit where he had a license "at the time of performance for which he seeks compensation” and at the time of pleading]).
In Hirsch Constr. Corp. (Cooper) (181 AD2d 52 [1st Dept 1992], lv denied 81 NY2d 701 [1992]) the following salient facts were presented: the contractor made a home improvement contract with homeowners to do a $478,000 renovation on their residence; the contract was made on June 23, 1988 and the contractor obtained a license on August 30, 1988; a dispute arose and the contractor demanded arbitration pursuant to the contract; an arbitration award was made in favor of *78 the contractor; on the contractor’s motion to confirm the award the homeowners cross-moved to vacate on the ground of newly discovered evidence, that the contractor had not been licensed at the inception of the contract; the arbitrators initially granted the motion to confirm and denied the cross motion to vacate but on reargument reversed themselves and granted vacatur on the ground that the award violates public policy since the contractor was not licensed at the making of the contract. The Appellate Division, First Department, reversed and confirmed the award. The Court initially held that challenges to an award on the ground of newly discovered evidence is not a basis for setting aside an award (181 AD2d, at 55, supra). The Court also held that the award did not violate this State’s public policy because the contractor is "not necessarily * * * barred from recovery, since it alleges that its claims relate to work performed after it obtained a license.” (181 AD2d, at 56, supra; cf., Matter of Klineman [NJS Inc.], 160 Misc 2d 774 [Sup Ct, NY County 1993].)
As noted earlier, there is no distinction between actions for lost profits based on work that would have been performed absent wrongful termination and quantum meruit for work actually performed. Therefore, the unpleaded defense of illegality or inability to recover because no license existed at the inception of the contract is without merit where, as here, the plaintiff obtained a license shortly after commencing work, was paid for services rendered and is seeking damages for lost profits on work it would have performed under the contract while licensed.
CONCLUSION
Accordingly, the motion is granted to the extent of permitting plaintiff to serve a supplemental summons and amended complaint in the form annexed, provided that plaintiff add an allegation of fact as to its licensing status pursuant to CPLR 3015 (e) and is otherwise denied since the proposed amended reply is premature and any reply shall be made as of course to the amended answer of defendant and answer (if separate) of the to-be-added defendant. Cross motion for summary judgment is denied.

 The cross motion is addressed to the entire complaint but the affidavits and legal memorandum relate only to the second cause of action for lost profits. Therefore, the first cause of action for repayment of a fine remains viable whatever disposition is rendered as to the second claim.