■ Voo Doo Contracting Corp., Respondent, v L & J Plumbing & Heating Co., Inc., Appellant. [693 NYS2d 151] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 18, 1998, which granted plaintiff's motion for summary judgment, and directed defendant to return to plaintiff all sums previously paid, unanimously reversed, on the law, without costs, the motion denied, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff, Voo Doo Contracting Corp., a general contractor, hired defendant, L & J Plumbing & Heating Co., Inc., to supply labor and materials for certain plumbing work in connection with the construction of a shopping center. At some point, plaintiff paid defendant approximately $135,000 for work that defendant had completed.

In this action seeking a return of all sums paid to defendant, plaintiff, on its motion for summary judgment, contended that it was entitled to return of its payments because defendant lacked the requisite master plumber's license to perform work in New York City (*see,* Administrative Code of City of NY §§ 26-142, 26-138, 26-131). Supreme Court concluded that summary judgment was warranted and directed that all sums paid to defendant be returned to plaintiff.

Although there is authority holding that the failure to hold a plumber's license as required by law precludes recovery for plumbing work performed in New York City (*Fisher Mech. Corp. v Gateway Demolition Corp.,* 247 AD2d 579 [2d Dept], *lv dismissed* 92 NY2d 946; *but see, Matter of Migdal Plumbing & Heating Corp. [Dakar Developers],* 232 AD2d 62, *lv denied* 91 NY2d 808), we have previously held that a licensing statute, such as the one at issue, may not be used "as a sword to recoup monies already paid in exchange for * * * unlicensed services" (*Sutton v Ohrbach,* 198 AD2d 144, citing, *inter alia, Charlebois v Weller Assocs.,* 72 NY2d 587, 595). Since this is precisely what plaintiff seeks to do in this action, its motion should have been denied and the complaint dismissed. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.