Opinion
 

 HASTINGS, J.
 

 This is an appeal from a municipal court order granting defendants’ motion for summary judgment. It is before us upon transfer from the appellate department of the Los Angeles Superior Court. (Rule 62 (a), Cal. Rules of Court.)
 

 The case involves interpretation of the scope and meaning of the term “home solicitation contract” in section 1689.5 et seq. of the Civil Code. The facts, briefly stated, are these: Defendants obtained plaintiff’s name and telephone number from the yellow pages of the telephone directory.
 
 *247
 
 Defendants telephoned plaintiff who sent a representative to their home on February 5, 1974. The representative showed defendants a sample of an insulated wall system. After some conversation, an agreement was reached between defendants and plaintiff’s representative for the installation of such a system in defendants’ residence. Defendants signed a contract at their residence and gave plaintiff’s representative a $100 deposit, leaving a balance due of $1,650. The written contract did not contain a notice of the buyer’s right to cancel such as is required in a home solicitation contract. (Civ. Code, § 1689.7.)
 

 Plaintiff installed the wall system on February 20, 1974. Defendants were dissatisfied with the work. No accommodation was reached, and defendants failed to pay the balance due. Plaintiff brought the present action on March 26, 1975. On May 12, 1975, after consulting counsel, defendants mailed a written notice of cancellation to plaintiff. On May 14, 1975, defendants answered plaintiff’s complaint and filed a cross-complaint. Thereafter, defendants moved for summary judgment on the basis of their having cancelled the contract.
 

 If the contract was a home solicitation contract within the meaning of Civil Code section 1689.5, then, the notification required by section 1689.7, subdivisions (a) and (c) not having been given, defendants retained a right to cancel. (Civ. Code, § 1689.7, subd. (e).) The trial court ruled, as a matter of law, that the contract, having been signed at defendants’ home, was a home solicitation contract within the meaning of the statute, and granted defendants’ motion for summary judgment.
 

 Plaintiff contends on appeal, as it did below, that the initial solicitation for the contract having come from the defendants, it was not a home solicitation contract. Our starting point in considering this contention is, of course, the language of the statute. Section 1689.5 of the Civil Code provides, in pertinent part: “As used in Sections 1689.6 to 1689.11 inclusive: (a) ‘Home solicitation contract or offer’ means any contract, whether single or multiple, or any offer which is subject to approval, for the sale, lease or rental of goods or services or both made at other than appropriate trade premises in an amount of twenty-five dollars ($25) or more including any interest or service charges. . . . [H] (b) ‘Appropriate trade premises,’ means premises at which either the owner or seller normally carries on a business, or where goods are normally offered or exposed for sale in the course of a business carried on at those premises.”
 

 
 *248
 
 Thus the definition of the phrase “home solicitation” in the statute focuses not on who initiated the contact between buyer and seller, but on where the contract was made. Similarly, it is immaterial that plaintiff maintains “appropriate trade premises” if the contract was not made at those premises. The plain meaning of the language used by the Legislature is clearly broad enough to encompass the contract at issue herein.
 

 It was undoubtedly the Legislature’s purpose in enacting the statute to protect consumers against the types of pressures that typically can arise when a salesman appears at a buyer’s home. One such pressure arises in the usual door-to-door sales situation and consists of the buyer being forced to make an immediate decision regarding a product or service which he had not contemplated acquiring until the seller appeared at his door. This type of pressure, of course, is not present in a situation such as that under consideration here where the buyer invites the seller to his home. A second and equally serious pressure arises, however, from the fact that the seller may be an intimidating presence once inside the buyer’s home. A reluctant buyer can easily walk away from a seller’s place of business, but he cannot walk away from his own home, and he may find that the only practical way of getting the seller to leave is to agree to buy what the seller is selling. This latter type of pressure may arise regardless of whether or not the buyer invited the seller to call at his residence.
 

 We express no opinion as to whether a contract negotiated at “appropriate trade premises” but signed at the buyer’s home for reasons of either party’s convenience is within the purview of the statute. This question is left to future cases. (See generally, Comment (1972) 3 Pacific L.J. 633.) But the mere fact that the seller appears at the buyer’s home in response to a phone call from the buyer is insufficient to remove a contract from the statute’s ambit. Plaintiff has cited no other peculiar facts which would make the statute inapplicable in the case at bar. Furthermore, plaintiff not having demanded tender of goods delivered to defendants within 20 days after cancellation of the contract, said goods became the property of defendants without obligation to pay for them. (Civ. Code, § 1689.11, subd. (a).) Nor are defendants obliged to pay for services performed by plaintiff prior to cancellation. (Civ. Code, § 1689.11, subd. (c).) Defendants thus were entitled to summary judgment.
 

 
 *249
 
 If this result appears to deal harshly with merchants who have fully performed under their contracts, it seems clear to this court that the message which the Legislature has attempted to convey by enactment of section 1689.5 et seq. of the Civil Code is “Caveat Vendor.” Merchants, put on notice by the statute, can easily and inexpensively protect themselves, however, by including a right to cancel provision and an accompanying notice of cancellation as a matter of course in all contracts signed outside their trade premises.
 

 Plaintiff’s further contention that defendants were precluded by Code of Civil Procedure section 340 from cancelling the contract more than one year after its execution is raised in the wrong proceeding. The statute of limitations contained in section 340 of the Code of Civil Procedure is applicable only to the filing of a cause of action and might have merit as a defense to defendants’ cross-complaint.
 
 [1]
 
 It is not relevant either to cancellation of the contract or to assertion of that cancellation by way of defense.
 

 The order granting summary judgment is affirmed.
 

 Kaus, P. J„ and Ashby, J„ concurred.
 

 [1]
 

 If not barred by the statute of limitations defendants would appear to have a cause of action for refund of their deposit, plaintiff not having returned it within 10 days of cancellation as required by section 1689.10 of the Civil Code.