[Civ. No. 56779. Second Dist., Div. Five. Dec. 17, 1979.]

JOHN M. BELEY et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE VENTURA COUNTY
JUDICIAL DISTRICT OF VENTURA COUNTY, Defendant and
Respondent;
GERRY HARMSMA, Real Party in Interest and Respondent.

## COUNSEL

Patsy Nanna Myers and Donald Peckner for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

James J. Armstrong for Real Party in Interest and Respondent.

## OPINION

**ASHBY, J.**—Real party in interest Gerry Harmsma (hereinafter Seller) is a building contractor who brought an action in the municipal

court to recover for services performed and material furnished in remodeling the home of appellants John and Lorraine Beley (hereinafter Buyer). Buyer moved for summary judgment, which the municipal court denied. Buyer sought a writ of mandate from the superior court to compel the municipal court to grant Buyer's motion for summary judgment. Buyer appeals from the superior court's denial of the writ.

On June 10, 1977, the parties executed a contract, at the home of Buyer, for the remodeling of Buyer's home.[1] The contract price was $11,689 and the work was to be completed by August 15.

The work was not completed on time, and on November 10, 1977, Buyer gave written notice that the contract was canceled.

Seller brought an action in municipal court alleging three causes of action and seeking damages of $3,000 (Buyer having already paid Seller $8,566). Seller's first cause of action was on the contract; the second cause of action was a common count for services performed and materials furnished at the special request of Buyer; and the third cause of action was for an account stated. Buyer cross-complained for breach of contract, alleging that the work was not completed or done in a good workmanlike manner, and seeking damages in excess of $3,000.

Buyer moved for summary judgment, contending that the contract was a home solicitation contract (Civ. Code, § 1689.5) which did not contain the mandatory notice of Buyer's right to cancel within three days (§ 1689.7); that Buyer therefore had the right to cancel at any time prior to Seller's giving the required notice (§ 1689.7, subd. (e)); that Buyer canceled the contract on November 10, 1977 (§ 1689.6); and that Seller was entitled to no compensation for the services performed (§ 1689.11, subd. (c)). (*Weatherall Aluminum Products Co.* v. *Scott,* 71 Cal.App.3d 245 [139 Cal.Rptr. 329].) Buyer also sought the return of the $8,566 Buyer had paid to Seller.

Discussion

Although the home solicitation contract statute was enacted in 1971 primarily to protect residents from the high-pressure techniques of

---

[1]The work to be done was described as follows: "Remodel upstairs room to plans, and add sundeck. Remodel bathroom and Jacuzzi and toilet. Double sink Pullman; and wall for bar. Insulation, carpeting permits and plans and carpeting included. No painting. Deck header 6" x 10" on 6 x 6 posts."

door-to-door salespersons, it was interpreted in *Weatherall Aluminum Products Co.* v. *Scott, supra,* 71 Cal.App.3d 245, 248 (decided shortly after the execution of the contract in the present case) to apply to contracts entered in the home, even where the buyer had telephoned the seller and invited him to come to the home. Thus, under *Weatherall,* the instant contract was a home solicitation contract.[2] Because the instant contract did not contain the required notice giving the Buyer a right to cancel within three days, the statute technically extended indefinitely (until the Seller complied with the notice requirement) the Buyer's right to cancel (Civ. Code, § 1689.7, subd. (e).) Here Buyer exercised this statutory right to cancel, but only after Seller had apparently substantially completed the job.[3] ■ Buyer argues that the statute gives Buyer the right to retain all the substantial benefits conferred by Seller's performance without paying anything at all for them. We disagree.

Although Buyer's statutory cancellation gives Buyer a defense to Seller's first cause of action on the contract, Seller has also alleged in his second cause of action a quantum meruit quasi contractual theory for recovery of the reasonable value of the benefits conferred on Buyer by Seller's performance. (See 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 49, p. 60.) Although the statute gives Buyer a right to avoid the written contract, there was nothing illegal or immoral about the contract itself or the nature of the services and materials to be furnished under it. (See *Trumbo* v. *Bank of Berkeley,* 77 Cal.App.2d 704, 709-710 [176 P.2d 376].) Therefore, even though Seller could not recover on the express building contract, Seller is entitled to recovery on quantum meruit for the reasonable value of the improvements Buyer has received. (*Sims* v. *Petaluma Gas Light Co.,* 131 Cal. 656, 660 [63 P. 1011].)

---

[2]We find no merit to respondent's contentions (1) that the contract could not at the same time be a home solicitation contract and a home improvement contract (Bus. & Prof. Code, § 7151.2) or (2) that it was Buyer's burden to negate initially the possible application of Civil Code section 1689.9.

[3]At this stage of the litigation the record does not show the extent to which the job was completed. According to Seller, the Contractors' State License Board inspected the job and found substantial performance. According to Buyer, the cabinet work was not completed, the moldings in the bathroom were not finished, bathroom fixtures, carpets and heater vents were not installed, nor was drywall installed around the spa. Buyer also alleged windows and sliding doors were misaligned, moldings were split, the shower fixture was not flush with the wall, and the tub was not stable.

Nothing in *Weatherall Aluminum Products Co. v. Scott, supra,* 71 Cal.App.3d 245, precludes such equitable adjustment of the rights and duties of the parties. There is no indication in that opinion that the seller in that case raised an equitable quasi contractual theory for the reasonable value of benefits conferred, as distinguished from an action on the contract.

Nor does Civil Code section 1689.11 preclude Seller's quasi contractual recovery. Subdivision (c) of section 1689.11 provides: "(c) If the seller has performed any services pursuant to a home solicitation contract or offer prior to its cancellation, the seller is entitled to no compensation. If the seller's services result in the alteration of property of the buyer, the seller shall restore the property to substantially as good condition as it was at the time the services were rendered." A note discussing the legislative history of the statute comments on this provision as follows: "Secondly, to prevent the seller from rendering services and collecting his compensation prior to the three day cancellation period, the act provides, that if the seller has performed any service prior to cancellation he is entitled to no compensation except for the cancellation fee as provided by the act. An unfair sales practice unique to home improvement sales—'spiking the job'—will be prevented by this provision of the act. In this sales tactic, the salesman who has sold siding, for example, will immediately tear off portions of the old siding replacing it with a few sections of new siding before returning to complete the job. If in the interim the buyer realizes he has been duped, he normally will feel compelled to go along with the transaction since otherwise he would have to find someone else to repair his home. Section 1689.11(c) of the Civil Code, besides providing for no compensation in such a case, requires the seller to 'restore the property to substantially as good a condition as it was at the time the services were rendered.'" (Note (1972) 3 Pacific L.J. 633, 649; fns. omitted.)

The instant case is far different. This case does not involve an attempt to evade the statute or to pressure the buyer by the performance of a small portion of the contract within the first three days. Here we have a large building contract which was substantially completed over a long period of time before Buyer exercised Buyer's technical right under the statute to cancel. It would be grossly inequitable to interpret the statute to mean that Seller gets no compensation even though Buyer has the benefit of several thousand dollars' worth of home improvements. Of course, in determining the reasonable value of the benefits conferred on Buyer, the court can also take into account the damages suffered by

Buyer from the incomplete, delayed or improper performance of the job.

Since Buyer was not entitled to the relief sought by the writ, i.e., the complete dismissal of Seller's claims and the return of all money paid by Buyer to Seller, the trial court properly denied the writ.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.