611 P.2d 106

The RUCK CORPORATION, an Arizona Corporation, Plaintiff/Appellee/Cross Appellant,

v.

John WOUDENBERG and Myrna Woudenberg, husband and wife, Defendants/Appellants/Cross Appellees.

No. 2 CA–CIV 3427.

Court of Appeals of Arizona, Division 2.

March 12, 1980.

Rehearing Denied April 9, 1980.

Review Denied May 6, 1980.

---

Franklin & Feulner by George J. Feulner, Tucson, for plaintiff/appellee/cross appellant.

Paul M. Rybarsyk, Scottsdale, for defendants/appellants/cross appellees.

## OPINION

HOWARD, Judge.

The Ruck Corporation (Ruck) entered into a written contract for the construction of a commercial building on the land owned by the Woudenbergs. Neither party was liable under the contract until the Woudenbergs secured 100% financing approved by Ruck.

The Woudenbergs applied to the Union Bank for a construction loan and were eventually notified that the bank had approved a loan. Believing that the loan approved by the bank complied with their contract with Ruck, Woudenbergs told Ruck that they had the required financing and made several demands upon Ruck to commence construction. Relying upon the representations made by the Woudenbergs, Ruck commenced the performance required by the contract. Subsequently, Ruck was summoned to the office of an escrow agent. It was asked to sign a construction loan agreement which would have required Ruck to become jointly liable with Woudenbergs for repayment of the loan. Ruck refused to sign. By then Ruck had incurred expenses for labor and materials which the Woudenbergs refused to pay unless Ruck signed the agreement. Upon this refusal, Ruck stopped working on the project, filed a notice and claim of lien on the Woudenberg property and also filed this lawsuit praying for judgment in the sum of $17,500 and for foreclosure of its lien. Woudenbergs counterclaimed alleging that Ruck had breached the contract. The trial court awarded Ruck $16,000 as the reasonable value of labor and materials furnished, ordered foreclosure and denied Woudenbergs relief on their counterclaim.

The Woudenbergs have appealed and Ruck has cross-appealed contending that the trial court erred in not awarding it the amount owed to the architect which it had hired pursuant to the requirements of the contract.

The Woudenbergs have presented several issues for review. They first contend that where an express contract exists there cannot be a recovery in quantum meruit. As an abstract proposition of law, this contention is correct. See *Advance Leasing & Crane Co. v. Del E. Webb Corp.*, 117 Ariz. 451, 573 P.2d 525 (App.1977). But it has no application here since the contract was subject to a condition precedent which was never fulfilled. See *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970).

Woudenbergs claim there was no evidence that any debt incurred was community in nature. Examination of the joint pretrial statement shows that the nature of the debt was never an issue. In fact, the statement sets forth, as an uncontested fact, that the *defendants* executed the contract. The Woudenbergs' position is therefore without merit.

The next issue raised by Woudenbergs concerns Ruck's proof of damages which was based upon the expenses Ruck incurred after being told by Woudenbergs to commence the construction. These expenses included sums paid for building materials, blueprints, a building permit, wages and payroll taxes and insurance. Also included were two unpaid debts which Ruck incurred for the services of the architect and steel components which were delivered to the job site.

▉ Woudenbergs argue that since there was no proof of the value to them of these services and expenses, Ruck cannot recover. We do not agree. If a person performs work, renders services, or expends money under an agreement which is unenforceable, but not illegal, he may recover in quantum meruit for the value of the services and expenses reasonably incurred in good faith. *Trollope v. Koerner*, supra; *Mergenthaler v. Dailey*, 136 F.2d 182 (2nd Cir. 1943); *Blair Engineering Co. v. Page Steel & Wire Co.*, 288 F. 662 (3rd Cir. 1923).[1] The evidence shows the expenses were reasonably incurred in good faith. The fact that some of the expenses have not yet been paid for by Ruck does not mean that he cannot sue for their recovery although such a fact might, under certain circumstances, be grounds for joining these creditors as parties under Rule 19, Arizona Rules of Civil Procedure, 16 A.R.S.

▉ There is a question, however, as to the amount awarded by the trial court. Contrary to Ruck's assertion in its cross-appeal, the trial court was correct in disallowing the architect's fees since the record shows that the architect had been paid from another source and that Ruck was no longer indebted to her. Although Ruck contracted with National Steel Products, Inc. (National Steel) for the steel components in the sum of $14,153, the net cost to Ruck was only $10,666.97 due to certain discounts allowed by National Steel. Adding the other expenses which it proved it had paid, the total is $13,905.28.

▉ Ruck claimed it was also entitled to a profit of 12% of the gross contract price of $57,050. An award for lost profits necessarily finds its genesis in the contract itself. There being no contract between the parties because of the failure of the condition precedent there can be no lost profits. Cf. *Fonda Corp. v. Southern Sprinkler Co.*, 144 Ga.App. 287, 241 S.E.2d 256 (1977). Ruck also contended it was entitled to its general overhead expenses attributable to its performance. It has cited no authority for this proposition. Assuming arguendo that such expenses could be recovered, there was no proof of the amount which was attributable to the work actually done but only general testimony to the effect that 8% of the gross contract price represented general overhead expenses. Since only $13,905.28 was proved as damages, the judgment needs modification.

▉ The trial court has awarded Ruck $3,500 as attorneys' fees pursuant to A.R.S. Sec. 12–341.01. Woudenbergs claim the trial court could not award any attorneys' fees because Ruck did not introduce any evidence on the issue. We do not agree. Each side, at the trial court's request, filed a post-trial memorandum. Each also included an affidavit setting forth the amount of reasonable attorneys' fees. There was no objection to this procedure and no objection to the $5,000 amount which Ruck had claimed. The issue which Woudenbergs now raise was not raised until the motion for a new trial. By then it was too late.

▉ The Woudenbergs raise for the first time on appeal the propriety of the trial court's award of prejudgment interest. Having failed to object in the trial court,

---

1. See generally, Dobbs, Handbook on the Law of Remedies, Sec. 11.5 at 741 (1973).

they are now precluded from raising this issue. *Peterson v. Valley National Bank of Phoenix*, 102 Ariz. 434, 432 P.2d 446 (1967).

In their motion for new trial, Woudenbergs for the first time contended that they were entitled to a new trial because National Steel had filed a mechanic's lien on their property and had not been joined as a party. They contend that A.R.S. Sec. 33–996 requires the joinder of all parties and that National Steel is therefore an indispensable party and that the failure to join an indispensable party may be raised at any time.

A.R.S. Sec. 33–996 provides that persons claiming liens who fail or refuse to become parties plaintiff shall be made parties defendant and that those not made a party may, at any time before final hearing, intervene. This statute does not make other lien claimants indispensable parties. Cf. *Lucky Boy Mining, etc., Co. v. Moore*, 23 Ariz. 291, 301, 203 P. 556, 560 (1922). Woudenbergs waived any objection to the failure to make National Steel a party.

Woudenbergs claim that the trial court erred when it failed to grant their motion to join the stockholders of the corporation as indispensable parties because Ruck had gone out of business prior to the filing of its complaint. This claim is without merit. See A.R.S. Sec. 10–105.[2]

A.R.S. Sec. 33–993 provides that the notice and claim of lien shall contain the date the work was completed. Ruck's notice omitted this requirement. From the evidence below, however, it is clear that the notice was timely filed. For the first time on appeal the Woudenbergs claim that the notice was invalid. The omission in the notice of lien was waived by Woudenbergs' failure to raise the issue in the trial court. Cf. *Manley v. MacFarland*, 80 Idaho 312, 327 P.2d 758 (1958).

Woudenbergs claim the trial court erred in denying relief on their counterclaim based upon Ruck's breach of the contract. Their reasoning is difficult to follow and unsupported by any applicable authority. As previously noted neither party breached the contract. Wondenbergs apparently contend that Ruck frustrated their attempts to get 100% financing and had no right to insist on getting paid prior to the fulfillment of this condition precedent. The record shows, however, that Ruck did not prevent the fulfillment of the condition.

The judgment is modified by reducing the award of $16,000 to $13,905.28 and is affirmed as modified.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

**2.** This statute provides that after dissolution the corporation can sue or be sued in its corporate name.