OPINION OF THE COURT
W. Denis Donovan, J.
Plaintiff moves to strike the first and second affirmative defenses set forth in defendants’ answer and defendants cross-move to dismiss the complaint based on their second affirmative defense.
The first stated affirmative defense claiming lack of personal *631 jurisdiction is, preliminarily, stricken upon proper proof of service of the pleadings by a person properly authorized and the plaintiffs motion, to that extent, is thus far granted.
The motions as they relate to the second affirmative defense interposed by defendants address an issue which, in this county at least, has risen with increasing frequency of late.
In this second defense, the defendants seek dismissal alleging that plaintiff, which is suing for over $38,000 for landscaping and masonry work performed at defendants’ residence, failed to obtain and/or provide a written contract as required for home improvement agreements under General Business Law, article 36-A, § 770 et seq.
General Business Law § 771 (1) provides that "Every home improvement contract subject to the provisions of this article, and all amendments thereto, shall be evidenced by a writing and shall be signed by all the parties to the contract.” A long list of required terms then follows. Under the definitional portion of section 770, a contract in excess of $500 for landscaping, masonry and associated services and labor falls within article 36-A. Hence, there is no question that the agreement here should have been in writing. The more pertinent inquiry, however, is whether the lack of such a writing precludes any and all recovery. The court concludes that lack of a written contract does not bar all recovery under article 36-A of the General Business Law and that damages are recoverable, if not under the agreed terms, then at least under theories of quantum meruit and unjust enrichment.
A thorough examination of the pertinent sections of article 36-A of the General Business Law (see, § 770 et seq.) does not compel the conclusion, as defendants would argue, that an unpatterned and unintentional failure by a home improvement contractor to provide a written contract creates a complete bar to recovery; more certainly not where, as here, the contract has been fully or substantially performed and no claim of any deficiency in performance is set forth. The civil penalties which the Attorney-General may seek against contractors who persistently fail to comply are described under sections 773 and 774 and the homeowner’s right to a $500 penalty and reasonable attorney’s fees, if fraud induced an agreement, is set forth under section 772. These provisions circumscribe the penalties allowed and fall short of a basis for claiming a complete bar to any recovery.
The court is aware of and has examined the papers underly *632 ing the decision and order of another Part of this court in Double R. Home Improvement Corp. v Frank (Sup Ct, Westchester County, May 29, 1991 [index No. 15551/90]), relied on by the defendants. That was actually an action to foreclose a contractor’s improvement lien and the contractor’s failure to fully comply with section 11 of the Lien Law was the ratio decidendi for the complete dismissal. The concluding statement in that dismissal decision, "Finally, the failure of plaintiff to comply with the requirements of General Business Law § 771 et seq. precludes its recovery in contract or quantum meruit (cf. Millington v. Rapoport, 98 AD2d 765).”, is seen and read by this court to be obiter dicta not constituting persuasive authority for the dismissal claim here. Moreover, an examination of the appellate decision in Millington reveals that it does not, respectfully, constitute any ground for dismissal under the General Business Law; it was the failure of the contractor to be licensed by New York City under the Administrative Code of the City of New York, which failure actually forbids performing or obtaining an unwritten home improvement contract, that led to the dismissal.
In the matter now before this court, no issue of local licensure is raised and were it to be, it would compel an examination of the local licensing code to measure the extent of any penalty.
Hence, the second affirmative defense is also stricken and the defendants’ cross motion is accordingly denied.
A preliminary conference to schedule discovery will be held on July 14, 1992 at 9:30 a.m. in room 1606, Supreme Court, 111 Grove St., White Plains, N.Y.