■ MINDICH DEVELOPERS, INC., Respondent, v PHILIP MIL-STEIN, Appellant. [642 NYS2d 704] —In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated February 28, 1995, which denied his cross motion for summary judgment dismissing the complaint and granted the plaintiff's motion for leave to serve an amended complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the defendant's cross motion is granted, and the complaint is dismissed.

On October 1, 1992, the defendant orally retained the plaintiff to perform home improvement services on his home. The plaintiff, who was not licensed to perform such services at the time, commenced work and on October 15, 1992, obtained the requisite license from the Westchester County Department of Consumer Affairs. On November 9, 1992, the plaintiff forwarded a signed copy of the written contract to the defendant, but the defendant never signed it. In December 1992 the defendant terminated the plaintiff's services, retained another contractor, and the project was completed in November 1993.

In March 1994 the plaintiff commenced this action to recover damages for breach of contract contending that it was entitled to recover lost profits for the period from the date of its termination until the completion date of the project. Concededly, the plaintiff had been paid for the services it had performed until the date of its termination. When the plaintiff moved for leave to amend the complaint to name an additional defendant, the defendant cross-moved for summary judgment dismissing the complaint contending that the contract was unenforceable because he never signed it as required by General Business Law § 771. The defendant also contended that the plaintiff violated Westchester County Administrative Code § 863.313, by holding itself out as able to engage in the home improvement business at the time it entered into the contract when it did not have a license pursuant to that code provision.

We agree with the Supreme Court that the absence of a written contract and the plaintiff's failure to possess a license at the time of contract does not bar recovery in quantum meruit (*see, Todisco v Econopouly,* 155 AD2d 441; *Rosamilia Landscaping v Deluca,* 154 Misc 2d 630). We find, however, that the plaintiff cannot recover for lost profits for work not performed where there was neither strict compliance with General Business Law § 771 nor total compliance with Westchester County Administrative Code § 863.313 *(cf., Todisco v Econopouly, supra; Rosamilia Landscaping v Deluca, supra).* Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.