Filed 8/24/15  Soohoo v. Capstone Coatings & Windows CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LINDA SOOHOO, | B257288 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GC047039) |
| v. | |
| CAPSTONE COATINGS & WINDOWS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura A. Matz, Judge.  Affirmed.

Law Offices of Duane R. Folke and Duane R. Folke for Defendant and Appellant.

Hunt Ortmann Palffy Nieves Darling & Mah, Inc., Richard Mah and Dustin Lozano for Plaintiff and Respondent.

———————————

Defendant and appellant Capstone Coatings & Windows, Inc. (Capstone) appeals the judgment entered against it following a bench trial, in which the court (1) ruled Capstone must return plaintiff and respondent Linda Soohoo's down payment for windows and doors she ordered from Capstone, and (2) entered judgment against Capstone on its cross-complaint for abuse of process and negligent interference with prospective economic advantage. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Because Capstone has elected to proceed with this appeal on the clerk's transcript, without a reporter's transcript of the trial or an agreed statement of facts, we take the relevant facts from the trial court's statement of decision. (*Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

1. *Soohoo's contract with Capstone*

In 2007, Soohoo was building a new home in San Gabriel. After Soohoo visited Capstone's booth at a Los Angeles home show, Capstone's owner, Daniele Kenney, contacted Soohoo regarding the sale of Weathershield doors and windows for the new home.

On Wednesday, March 21, 2007, Soohoo signed "a written contract in the form of an invoice" while she and Kenney were at the jobsite. In "very small print" at the bottom of the first page, the document stated there was a three-day rescission period, after which a 25 percent cancellation fee would apply. The document also stated that the cancellation right was explained in an attached notice of cancellation form. In fact, the "notice of cancellation form" was not attached, and was never provided to Soohoo.

Kenney promised he would provide Soohoo with a schedule of the windows and doors that afternoon, but only after she signed the contract and paid the deposit. She signed the contract and authorized a $29,500 charge on her credit card, representing 50 percent of the purchase price. However, Kenney did not provide the promised schedule. Soohoo unsuccessfully tried to reach Kenney several times that Thursday and Friday. Troubled by the lack of responsiveness, she decided over the weekend to cancel the contract.

2

On Monday, March 26, 2007, Soohoo called Capstone and spoke with employee Robert Alva for over 40 minutes. Alva attempted to dissuade her from canceling and apologized for Kenney's unavailability. Soohoo, however, remained steadfast in her resolve to cancel. Soohoo called Capstone again the next day to confirm her cancellation and inquire about the return of her deposit. She spoke with an employee named Lora. Soohoo called again on March 28, 2007 and reached Kenney. Kenney stated her cancellation was untimely and he was entitled to a 25 percent cancellation fee. In response, Soohoo sent an email dated March 28, 2007, following up on their conversation and reiterating that she had cancelled with Alva on March 26 and with Lora on March 27. In an effort to avoid losing her deposit, Soohoo spoke with Capstone employees over the next two weeks, but eventually bought her windows and doors elsewhere. Capstone apparently disputed that Soohoo actually sent the email on March 28 or cancelled the contract during her conversations with Capstone personnel. However, it was undisputed that on May 10, 2007, Capstone received a document from Soohoo cancelling the contract.

Capstone did not place an order for the windows and doors and never delivered any windows or doors to Soohoo's jobsite.

2. *The ensuing litigation*

On May 23, 2013, Soohoo filed her first amended complaint,[1] which alleged causes of action for breach of contract; rescission pursuant to Civil Code section 1689.7 (governing home solicitation contracts), on the ground the contract did not contain the required notice of her right to cancel; violation of Business and Professions Code section 7159 (governing home improvement contracts); unjust enrichment; and violation of Business and Professions Code section 17200 (unfair competition). Capstone answered with a general denial and asserted 11 affirmative defenses, and cross-complained against

---

[1] Soohoo's original complaint was filed in 2011, and a default judgment was entered against Capstone. The default was set aside on March 7, 2013.

Soohoo for abuse of process and negligent interference with prospective economic advantage.

### 3. *The trial court's ruling*

In June 2014, the trial court conducted a two-day bench trial on the matter. In a 14-page statement of decision, the court found for Soohoo on her second cause of action for rescission under Civil Code sections 1689.5 and 1689.7. It reasoned that the contract between Soohoo and Capstone was a "home solicitation contract" within the meaning of Civil Code section 1689.5, subdivision (a). Because Capstone never provided Soohoo with a "Notice of Cancellation" form and oral advisement of her cancellation right as required by that statute, Civil Code section 1689.7, subdivision (g), allowed her to cancel the contract at any time, even after the expiration of the contractual three-day period. The court found that because Soohoo cancelled in writing at least by May 10, 2007, she was entitled to the return of her entire down payment of $29,500. Because the ruling on the second cause of action was dispositive, the trial court did not reach the merits of Soohoo's other causes of action.[2] It further found Capstone had failed to establish a prima facie case on its cross-complaint, and entered judgment in favor of Soohoo.

Capstone filed a timely notice of appeal. (Cal. Rules of Court, rule 8.104, subd. (d).)

## DISCUSSION

### 1. *Capstone fails to articulate a claim of reversible error.*

#### a. *Standard of review*

The most fundamental principle of appellate review is that a judgment or order of the lower court is presumed correct. (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1259; *Godfrey v. Oakland Port Services Corp.* (2014) 230 Cal.App.4th 1267, 1283.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v.*

---

[2] The court explained in dicta that judgment "would be denied" on the contract cause of action because the cancellation was not communicated to Capstone until the fourth business day, and was therefore untimely under the contract's terms.

4

*Superior Court* (1970) 2 Cal.3d 557, 564; *Lister v. Bowen* (2013) 215 Cal.App.4th 319, 337.) The appellant must affirmatively show error by an adequate record. (*Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 976.) To demonstrate error, an appellant must present meaningful legal analysis supported by citations to authority and to facts in the record. (*Lister v. Bowen, supra,* at p. 337.)

      b. *The trial court's decision was not erroneous.*

      Capstone argues the trial court "applied the incorrect law" to the facts. We disagree. The trial court correctly found Civil Code sections 1689.5 and 1689.7 dispositive. Civil Code section 1689.5, subdivision (a) defines " '[h]ome solicitation contract or offer' " as "any contract . . . for the sale, lease, or rental of goods or services or both, made at other than appropriate trade premises in an amount of twenty-five dollars ($25) or more, including any interest or service charges." " 'Appropriate trade premises' " is defined as "premises where either the owner or seller normally carries on a business, or where goods are normally offered or exposed for sale in the course of a business carried on at those premises." (Civ. Code, § 1689.5, subd. (b).) " 'Goods' " includes "tangible chattels bought for use primarily for personal, family, or household purposes, . . . including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of the real property whether or not severable therefrom . . . ." (Civ. Code, § 1689.5, subd. (c).) " 'Services' " is defined as, inter alia, "work, labor and services, including, but not limited to, services furnished in connection with the repair, restoration, alteration, or improvement of residential premises . . . ." (Civ. Code, § 1689.5, subd. (d); see generally *Handyman Connection of Sacramento, Inc. v. Sands* (2004) 123 Cal.App.4th 867, 882-883.)

      Here, the trial court found the contract between Soohoo and Capstone "was, without a doubt, a home solicitation contract, meeting the statutory requirements for that designation." The court's reasoning was sound. Capstone agreed to provide "goods" – doors and windows – for Soohoo's residence, and "services," i.e., the installation of frames for stained glass windows. The purchase price of $59,000 far exceeded the statutory threshold. The contract was executed at Soohoo's "jobsite where her house was

5

under construction, not at Capstone's normal place of business or trade premises." (See *Louis Luskin & Sons, Inc. v. Samovitz* (1985) 166 Cal.App.3d 533, 535 [Civil Code "section 1689.5, subdivision (a) clearly and unambiguously makes the statute applicable to any contract for the sale of goods or services made anywhere other than the 'appropriate trade premises' of the seller"].)

A seller of goods or services under a home solicitation contract is statutorily required to provide certain notices to the buyer. As pertinent here, Civil Code section 1689.7 requires that, at the time the contract is executed, "the agreement or offer to purchase shall be accompanied by a completed form in duplicate, captioned 'Notice of Cancellation' which shall be attached to the agreement," setting forth the purchaser's right to cancel and how to exercise that right, and stating the applicable cancellation deadline. (Civ. Code, § 1689.7, subds. (c), (f).) Subdivision (f) requires that the seller "shall inform the buyer orally of his or her right to cancel and the requirement that cancellation be in writing, at the time the home solicitation contract or offer is executed." "Until the seller has complied" with these requirements, "the buyer may cancel the home solicitation contract or offer." (Civ. Code, § 1689.7, subd. (g).) It was undisputed that Capstone never provided the cancellation form, and there was no evidence Kenney orally informed Soohoo of her cancellation right at the time the contract was executed. Accordingly, the trial court properly found Soohoo was entitled to, and did, cancel the contract after the three-day period, and was entitled to the return of her entire deposit. (See *Weatherall Aluminum Products Co. v. Scott* (1977) 71 Cal.App.3d 245, 247 [if notifications required by Civil Code section 1689.7 are not given, defendant retains a right to cancel].)

Capstone makes a variety of conclusory, inchoate arguments aimed at showing Civil Code sections 1689.5 and 1689.7 are inapplicable or were misinterpreted by the trial court. None demonstrate error.

First, Capstone posits that as a window supplier, it is governed by "Business [and] Professions Code section 22901 et seq." and Business and Professions Code section 19074. Business and Professions Code section 19074 provides: "This chapter does not

6

apply to the manufacturer of insulating window or door glass or products containing insulating window or door glass." This section is no help to Capstone for at least two reasons. First, Capstone was not acting as a manufacturer when it contracted with Soohoo. Indeed, in its brief, Capstone avers it "order[ed] *from the manufacturer* the subject windows and doors." (Italics added.) Second, Business and Professions Code section 19074 only pertains to "this chapter" – i.e., chapter 3 of division 8 of the Business and Professions Code. The dispositive statutes applied by the trial court were sections 1689.5 and 1689.7 of the Civil Code. Business and Professions Code section 19074 therefore has no bearing on their applicability. Capstone has failed to show how section 19074 has any relevance to this case, let alone demonstrates error.

Capstone's quotation of Business and Professions Code section 22901, subdivision (c), is equally curious. That section states: " 'Claim' means a dealer's claim for reimbursement from a supplier for labor and materials expended by the dealer to meet the requirements of the supplier's warranty agreement with a consumer of the supplier's products if the dealer has complied with the supplier's then-existing written policies and procedures for warranties and warranty claims." (Bus. & Prof. Code, § 22901, subd. (c).) Capstone fails to explain how this statute has any possible relevance or demonstrates error.

Next, Capstone urges that the document at issue was an invoice, not a contract, presumably on the theory that invoices fall outside the purview of Civil Code sections 1689.5 and 1689.7. But the trial court made a finding of fact that the document was a contract, stating in its written decision that Soohoo "signed a written contract in the form of an invoice" and that "[t]his contract was, without a doubt, a home solicitation contract." The trial court's findings are binding on this court. As noted *ante,* Capstone has elected to proceed without designating the reporter's transcript as part of the appellate record. In such a "judgment roll" appeal based on a clerk's transcript, "every presumption is in favor of the validity of the judgment and all facts consistent with its validity will be presumed to have existed. The sufficiency of the evidence is not open to review. The trial court's findings of fact and conclusions of law are presumed to be

7

supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325; *Krueger v. Bank of America, supra*, 145 Cal.App.3d at p. 207; see also Cal. Rules of Court, rule 8.163.) Here, error is not apparent on the record provided. To the contrary, even the limited record before us belies Capstone's argument. The first page of the document in question refers to "this agreement," and the third page states, "*This contract* shall be construed in accordance with, and governed by, the laws of the state of California. *This contract . . .* shall constitute the entire agreement." (Italics added.)

Averring that there was no "home solicitation" involved, that the transaction was analogous to a purchase made at a hardware store, and that Soohoo should be deemed a "sophisticated consumer" who acted as her own contractor, Capstone suggests Civil Code sections 1689.5 and 1689.7 should not apply. It urges that these statutes were enacted to protect consumers from the "high-pressure techniques of door-to-door salespersons," in contrast to the facts here. Capstone neglects to cite legal authority or adequate citation to the record in support of its point. Courts have rejected the notion that Civil Code sections 1689.5 and 1689.7 are limited to the door-to-door salesperson context. (See *Louis Luskin & Sons, Inc. v. Samovitz, supra,* 166 Cal.App.3d at p. 536 ["Although the home solicitation statute is commonly thought of as protecting consumers from the high pressure sales tactics of door-to-door solicitors, the clear, unambiguous language of the statutes gives it a much broader application", fn. omitted]; *Williams v. Kapilow & Son, Inc.* (1980) 105 Cal.App.3d 156, 161; *Weatherall Aluminum Products Co. v. Scott, supra,* 71 Cal.App.3d at p. 248.)

Although it is not entirely clear, Capstone appears to suggest that *Weatherall Aluminum Products Co. v. Scott, supra,* 71 Cal.App.3d 245, holds that compliance with Civil Code section 1689.7, subdivisions (c) and (f) is excused where the contract contains a statement regarding cancellation, apart from the required "Notice of Cancellation" form. Capstone seems to be referring to the small-print statement at the bottom of the contract stating "[y]ou the buyer may cancel this transaction at any time prior to midnight

8

of the third business day after the date of this transaction." But this statement did not comply with the statutory requirements (see Civ. Code, § 1689.7, subd. (c)), and it is not clear that Capstone raised this point below. Capstone does not elaborate on this argument, and nothing in *Weatherall* supports it.

Puzzlingly, Capstone argues that the trial court inappropriately resorted to consideration of extrinsic aids and policy considerations when interpreting Civil Code sections 1689.5 and 1689.7 in a manner adverse to it. The trial court did no such thing. It simply applied the plain language of sections 1689.5 and 1689.7.

It is Capstone's burden to affirmatively demonstrate reversible error by supporting its arguments with legal analysis and demonstrating how the purported errors require reversal. " 'To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.' [Citation.] '[C]onclusory claims of error will fail.' [Citation.]" (*Lister v. Bowen, supra,* 215 Cal.App.4th at p. 337; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956-957.) An appellant must " 'present [his] cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised . . . of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4.) This Capstone has failed to do. For the most part, Capstone's brief lacks both citations to pertinent authority and coherent legal argument demonstrating error.[3] It has failed to demonstrate reversible error.

---

[3] Soohoo argues that Capstone has abandoned its appeal because the opening brief fails to raise a claim of reversible error, articulate pertinent argument, or present authority on the points made. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Soohoo has also moved to dismiss Capstone's appeal on the same grounds. We deferred ruling on the motion until considering the merits. Although we agree that Capstone's brief suffers from significant defects, we decline to exercise our discretion to dismiss the appeal and instead rule on merits.

2. *Quantum meruit*

Capstone complains that the trial court "should have also looked to the Seller's claim(s) for quantum meruit quasi contractual relief such that Capstone should be allowed to recover the reasonable value of the benefits conferred on Buyer by Seller's performance."  Appellant avers Soohoo "has the benefit of several thousand dollars' worth of home improvements," i.e., "windows and doors blocked out, ordered, and schematics set in the assistance of the buyer."

But the trial court did not consider any claim for quantum meruit because Capstone never alleged such a claim in its cross-complaint or its response to Soohoo's complaint.  The trial court's statement of decision does not address the issue, and there is no showing Capstone somehow raised it at trial.  Capstone cannot raise this claim for the first time on appeal.  (*Overgaard v. Johnson* (1977) 68 Cal.App.3d 821, 826 ["A party may not for the first time on appeal change the theory of the cause of action, and issues not raised in the trial court cannot be raised for the first time on appeal"].)

Even if this issue was properly before us, nothing in the record would support recovery under a quantum meruit theory.  " 'Quantum meruit refers to the well-established principle that "the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered." [Citation.]' " (*Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore* (2008) 162 Cal.App.4th 1331, 1344.)  To recover in quantum meruit, a party must show the " 'circumstances were such that "the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made." ' [Citation.] The burden is on the person making the quantum meruit claim to show the value of his or her services . . . ." (*Ibid.*)  Capstone has not made such a showing.  The trial court found the windows and doors were neither ordered nor delivered, and its finding is binding here.  (See *Bond v. Pulsar Video Productions, supra,* 50 Cal.App.4th at p. 924; *Krueger v. Bank of America, supra*, 145 Cal.App.3d at p. 207.)  Nothing in the record suggests

10

Capstone provided anything of value to Soohoo, let alone the "several thousand dollars' worth of home improvements" alleged.[4]

### 3. *Other arguments*

To the extent Capstone intends to raise other arguments, they have been waived by Capstone's failure to articulate pertinent authority and provide intelligible legal argument. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Cahill v. San Diego Gas & Electric Co., supra,* 194 Cal.App.4th at p. 956; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke, supra,* at p. 830.)

### 4. *Request to stay enforcement of the judgment*

Capstone requests that we stay "any further collection efforts of the subject judgment with the immediate reinstatement of its' [*sic*] contractor's license." Our decision herein renders the stay request moot. Assuming arguendo Capstone's license has been suspended, the question of its reinstatement is not properly before us in this appeal, which concerns only the judgment rendered by the trial court below, not any actions by the Contractors State License Board.

---

[4] Soohoo argues that the home solicitation contract statutes prohibit quantum meruit recovery. She points to Civil Code section 1689.11, subdivision (c), which provides in pertinent part: "If the seller has performed any services pursuant to a home solicitation contract or offer prior to its cancellation, the seller is entitled to no compensation." (See also *Weatherall Aluminum Products Co., supra,* 71 Cal.App.3d at p. 248 ["Nor are defendants obliged to pay for services performed by plaintiff prior to cancellation"].) Capstone argues that *Beley v. Municipal Court* (1979) 100 Cal.App.3d 5, allows for a different result. There, the court held that Civil Code section 1689.11 did not preclude quantum meruit recovery on a home solicitation contract. (*Beley,* at pp. 8-9; but see *Louis Luskin & Sons, Inc. v. Samovitz, supra,* 166 Cal.App.3d at pp. 537-538 [limiting *Beley* to its facts].) Because this theory was not raised below, and in any event the record does not support it, we need not address these contentions.

11

DISPOSITION

The judgment is affirmed. Capstone's request for a stay is denied. Soohoo's motion to dismiss the appeal is denied. Soohoo shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:



KITCHING, Acting P. J.



JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.