**In re Estate of Thomas Boyd RHYMER.**

**No. 09–97–235 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted March 31, 1998.

Decided April 30, 1998.

Tracy A. Gilbert, Gilbert & Enis, Woodlands, for appellant.

Duane T. Corley, Conroe, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Sherry L. Russell, heir to the estate of Thomas Boyd Rhymer, appeals the judgment of the trial court awarding ARTYN, Inc., intervenor, damages as a result of Russell's breach of contract.

The attorney ad litem for Rhymer's estate contracted ARTYN to locate a missing heir, Russell, for a finder's fee of twenty-five percent of Russell's inheritance. ARTYN located Russell and traveled to her home in California where Russell signed an agreement assigning twenty-five percent of her interest to ARTYN. ARTYN then informed Russell as to the location and amount of the inheritance.

Subsequently, Russell canceled the contract and contacted the probate clerk's office in Montgomery County, Texas (the location of Rhymer's estate). Eighty-thousand dollars was released from the estate to Russell. Upon discovery of Russell's actions, ARTYN intervened in the estate enjoining any further disbursements to Russell and seeking damages for breach of contract.

Trial was to the court. The court awarded ARTYN $25,000 in damages for breach of contract, to be paid from Rhymer's estate, and reasonable attorney's fees and court costs, including costs for appeal to this Court and the Supreme Court of Texas. The trial court also awarded pre- and post-judgment

interest. Russell appeals raising three points of error.

■ In her first point, Russell contends the trial court erred in not applying California law to the contract, in that California is the state with the most significant relationship to the transaction. The issue of which state's law applies is generally a question of law resolved by a *de novo* review of the record. *Minnesota Min. and Mfg. Co. v. Nishika Ltd.*, 955 S.W.2d 853, 856 (Tex.1996). "When evaluating choice-of-law issues in contractual disputes, we consider the facts of the case under the 'most significant relationship' test...." *Minnesota Min. and Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 735 (Tex.1997). We determine which state has the most significant relationship to the transaction and the parties by considering the following contacts:

1. place of contracting;
2. place of negotiation;
3. place of performance;
4. location of contract's subject matter; and
5. parties' domicile, residence, nationality, place of incorporation, and place of business.

*Id.*, 953 S.W.2d at 735.

In the instant case, the place of contracting, negotiation, and performance is California. The contract's subject matter is located in Texas. Russell's residence is in California and ARTYN's place of incorporation is Kansas. ARTYN points to the following as additional contacts:

1. ARTYN was contacted and recruited from Texas;
2. when ARTYN negotiated with the attorney ad litem, the attorney was in Texas;
3. venue and jurisdiction of any claims regarding Rhymer's estate lies in Texas; and
4. Russell breached the contract by taking $80,000 from the estate in Texas.

■ The place of contracting, negotiation and performance as between ARTYN and the attorney ad litem is not relevant to the choice of law in a dispute between ARTYN and Russell. If ARTYN were involved in a dispute with the attorney ad litem, those contacts would have relevance.

■ The fact that venue and jurisdiction for an action involving the estate lie in Texas does not determine choice of law. A Texas court may have jurisdiction and still be required to apply the law of another state. In fact, a Texas court must have jurisdiction to apply the law of another state.

As to ARTYN's reliance on Russell having breached the contract in Texas, the issue in this case is not whether Russell fulfilled the contract, it is obvious she did not. Rather, the issue is whether Russell properly rescinded the contract under a "home solicitation" statute so that she did not have to fulfill it. The actions Russell took to rescind the contract were taken in California, not Texas.

California was the place of contracting, negotiation and performance favor California. The fact that California is Russell's residence also favors that state as the law in question is a home solicitation statute.

■ We also evaluate the above contacts in relation to certain policy factors:

1. the needs of interstate and international systems;
2. the relevant policies of the forum;
3. the relevant policies of other interested states and the relative interests of those states in determining the particular issue;
4. the protection of justified expectations;
5. the basic policies underlying the particular field of law;
6. certainty, predictability and uniformity of result; and
7. ease in the determination and application of the law to be applied.

*Minnesota Min. and Mfg. Co.*, 953 S.W.2d at 736; *See also Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 57 (Tex. 1991).

Consideration of the needs of the interstate and international systems is not implicated in this case. The parties have not identified any such needs pertaining to this case and we are aware of none.

We are unable to discern a significant difference between the respective policies of Texas and California on this issue. Both parties agree the two statutes are virtually identical and neither party claims the courts of Texas and California have disagreed in interpreting these statutes. Indeed, we find a marked similarity in Texas and California law on the issue. This similarity favors certainty, predictability and uniformity of result.

Further, the parties' justified expectations weigh in favor of California. The dealings between Russell and ARTYN all occurred in California. Given the relative importance of the California contacts, both parties could have anticipated California law would govern any litigation. ARTYN has not established any reasonable expectation that Texas law would control.

Additionally, we find both statutes have the same basic underlying policy—to permit consumers the opportunity to cancel home solicitation transactions. This underlying policy also weighs in favor of applying California law. We find it incongruous to say Texas has an interest in *home* solicitation in another state. The statute is clearly designed to protect Texans who are solicited in their homes, in Texas. Likewise, California's statute is meant to protect Californians solicited in their California homes. The very nature of home solicitation statutes argues strongly in favor of applying the law of the state where the solicitation occurred.

Accordingly, the consideration of relevant policies in other interested states and the relative interests of those states in determining this issue also weighs in favor of California. Other states with similar home solicitation laws would be interested in protecting their residents who are solicited in that state. Clearly, these other states would be less interested in protecting residents of other states from solicitation occurring in those states.

The factor of ease in the determination and application of the law to be applied weighs evenly in both California's and Texas' favor.

In deciding which state's law will govern, all relevant factors must be evaluated. On balance, those factors require the application of California law in this case. Point of error one is sustained.

■ Point of error two argues the trial court erred in finding ARTYN suffered damages as a result of a breach of contract, in that the alleged contract was timely and properly rescinded in accordance with the home solicitation laws of the State of California. CAL. CIV.CODE § 1689.5 *et seq.* We first note the trial court made a finding of fact that Russell "unilaterally renounced and canceled the contract" and ARTYN does not challenge that finding. The trial court did not make a finding of fact or conclusion of law regarding whether ARTYN complied with the requirements for notice of right to cancel. We have reviewed the contract and it contains no notice of the buyer's right to cancel and does not contain the notice cancellation form required by § 1689.7. Therefore, we find as a matter of law ARTYN failed to comply with the home solicitation statute.

■ We now address ARTYN's arguments that the home solicitation statute is not applicable to their agreement with Russell.[1] ARTYN points out that § 1689.5(d) specifically exempts attorney's services from the statute's requirements. ARTYN then argues that because they were acting as an agent and representative of the attorney ad litem, the assignment agreement was in the nature of attorney's services and not door-to-door sales as contemplated by the statute. ARTYN further claims the statute is directed toward "door to door high pressure random salesmen and not a service contract or assignment such as the one in this case."

We first note the California courts have not limited the home solicitation statute to door-to-door solicitors. *See Louis Luskin & Sons, Inc. v. Samovitz*, 166 Cal.App.3d 533, 212 Cal.Rptr. 612, 614 (1985) ("the usual door-to-door sales situation is not the only scenario in which pressure sales tactics are found"); *People v. Toomey*, 157 Cal.App.3d 1, 203 Cal.Rptr. 642, 650 (1984) (telephone solic-

1. We do not address ARTYN's contention that, under California law, unjust enrichment prevents Russell from avoiding the contract as that theory of recovery was not before the trial court.

itations fall under the definition of "home solicitations" in § 1689.5(a)); and *Weatherall Aluminum Products Co. v. Scott,* 71 Cal. App.3d 245, 139 Cal.Rptr. 329, 331 (1977) (the fact that the seller went to the buyer's home in response to a phone call from the buyer was insufficient to remove a contract from the statute's scope). The court in *Williams v. Kapilow & Son, Inc.,* 105 Cal.App.3d 156, 164 Cal.Rptr. 176, 179 (1980), addressed a similar argument where the defendant contended it did not fall under the statute because it did not solicit business door-to-door. The court noted that in *Weatherall* they explained the emphasis of the statute was on the place of contracting, not whether contact was initiated by the seller. *Id.* The *Williams* court went on to state, "defendant cannot escape the strictures of the statute merely because its agents did not also knock on other doors on the block." *Id.* 164 Cal.Rptr. at 179.

■■■ ARTYN's argument that § 1689.5 does not cover services or assignments such as are involved in this case was rejected by the court in *Williams. Id.* at 178. The defendant argued that § 1689.5 applies only to services rendered in connection with a commercial product or physical object. *Id.* The court noted the statute "specifically provides that the definition of 'services' includes, *but is not limited to,* the illustrative examples set forth." *Id.* There, the defendant had entered into a contract with the plaintiff undertaking to negotiate plaintiff's claims against his insurance carrier for a recovery fee. The services offered in that case are similar to those offered by ARTYN to Russell. Consequently, we find § 1689.5 does cover ARTYN's solicitation of Russell.

ARTYN provides no authority supporting its claim of exemption as the agent of an attorney. In *Williams,* 164 Cal.Rptr. at 178, the court rejected the defendant's argument that his services fell within the exemption of § 1689.5(d) because he served in an agency relationship to his clients equivalent to that of an attorney, broker, or investment counselor and the statute exempted all such agency relationships. *Id.* at 178–79. The court

found the enumerated exemptions were intended to exclude specific occupations and were not evidence of an intent by the Legislature to exclude all agency relationships. *Id.* at 179. The court went on to note that prior to the enactment of home solicitation legislation, "attorneys have been subject to comprehensive standards of ethical behavior towards clients and potential clients.... The Legislature may well have concluded not only that the existing regulations of attorney conduct were adequate, but that inclusion of attorneys within the purview of §§ 1689.5 *et seq.* would confuse the existing disciplinary scheme and dilute its effectiveness. Hence a rational basis exists for exempting attorneys." *Id.* at 180. We are unaware of any such rationale for exempting the agents of attorneys and consequently find ARTYN is not exempted from the requirements of § 1689.5.

For all the reasons set forth above, we find the trial court erred in finding Russell in breach of contract and awarding damages to ARTYN.[2] Point of error two is sustained.

Russell's third point of error claims the trial court erred in finding ARTYN was/is entitled to a recovery of attorney's fees for appeal, without conditioning such award on ARTYN prevailing on appeal. ARTYN concedes this point and requests this court to modify the judgment of the trial court. As our disposition of point of error two requires us to reverse the judgment of the trial court, we sustain point of error three.

Having sustained point of error two, ARTYN is ordered to take nothing on its breach of contract claim. The judgment of the trial court is reversed and remanded for further proceedings.

**REVERSED AND REMANDED.**

**2.** As we determined California law applies to this case, we do not address ARTYN's arguments under Texas law. We note, however, the same result would be reached.